## BALEY *v.* HENDERSON.

(*Supreme Court, General Term, Fifth Department.* April 11, 1890.)

PARTIES—NON-JOINDER—NONSUIT.

In an action for services in cutting and skidding logs, defendant proved that several persons, including himself, owned and occupied the land as tenants in common, and a nonsuit was granted on the ground that the other owners should have been joined as co-defendants. *Held* error, in the absence of evidence that plaintiff had any knowledge or information as to any one having interest in the land besides defendant.

Appeal from Yates county court.

Action by Archibald M. Baley against Merwin Henderson. Plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George E. Baley,* for appellant. *M. A. Leary,* for respondent.

CORLETT, J. The action was originally brought in a justice's court. The portion of the complaint pertinent to this controversy is to the effect that the defendant employed the plaintiff to perform work and labor for him in cutting, drawing, and skidding a large quantity of logs, and that the services were worth $100. The answer was a general denial, and a further answer of non-joinder of parties defendant. A trial in the justice's court resulted in a verdict for the defendant. The plaintiff appealed to the county court, where a new trial was had in March, 1889. At the close of the evidence the plaintiff was nonsuited. A motion for a new trial was afterwards made and denied, and the plaintiff appeals to this court.

The evidence on the part of the plaintiff on the trial tended to show that he bought standing timber from one Metcalf, to be cut and carried away; that while the plaintiff and his men were at work, the defendant notified him that the timber that he was cutting was on his land, and forbade a continuance of the work; that, after some negotiations between the defendant and Metcalf, the defendant told the plaintiff to go on and cut certain timber and logs, and draw them out, and put them upon a skid-way for the defendant's benefit. The plaintiff cut and drew out a little more than 8,000 feet, and the labor was worth $6 a thousand. At the close of the plaintiff's evidence the defendant moved for a nonsuit, upon the ground that no promise to pay had been proved, and that there was no implied contract. The court denied the motion, and the defendant's counsel excepted. The defendant then put in evidence a deed of the premises from one Depew to the defendant and his four brothers, and

gave evidence tending to show that the owners of the land were in possession of the premises. ' The defendant's counsel again asked that the plaintiff be nonsuited upon the ground that there was a non-joinder of parties defendant; also upon the ground above stated. The court granted the nonsuit for the reasons that the action should have been brought against all the owners of the land. The plaintiff's counsel excepted.

The sole question in this case is whether the nonsuit should have been granted. It is obvious from the above statement of facts that the county court fell into an error. The plaintiff's evidence tended to show that he was employed by the defendant to do the work which he performed. The trial court held that there was sufficient evidence on that subject to be submitted to the jury, as its refusal to nonsuit the plaintiff on that ground shows. The deed put in evidence proved that several persons, including the defendant, owned and occupied the land as tenants in common, and the nonsuit was granted upon the ground that the other owners should have been joined as co-defendants. It was clearly competent for the defendant to employ the plain, tiff to do this work. It would have been so whether the defendant owned o had any interest in the land or not. So far as appears from the evidence, the plaintiff had no knowledge or information as to anybody having any interest in the land except the defendant, with whom he made the contract. The case should have been submitted to the jury. The judgment and order must be reversed, and a new trial granted, with costs abide the event. All concur.